**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS I. GAGE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHERIFF FRANK J. PROVENZANO, et al.<br><br>　　　　　Defendants. | Civil Action No. 14-5700 (JLL) (JAD )<br><br>**REPORT AND**<br>**RECOMMENDATION** |

**JOSEPH A. DICKSON, U.S.M.J.**

　　　　This matter comes before the Court, on its own motion, in connection with the Court's November 24, 2014 Order to Show Cause why this matter should not be dismissed pursuant to the Hon. Freda L Wolfson, U.S.D.J.'s July 9, 2013 Opinion and Order, as well the issue preclusion doctrine and/or the entire controversy doctrine (the "OTSC") (ECF No. 9).  The Court held oral argument on this matter on February 26, 2015.  Upon consideration of the parties' submissions and arguments, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's claims against Defendant Provenzano be **dismissed with prejudice** and that Plaintiff be permitted, at least at this juncture, to proceed with his claims against Defendant Leffert.

**I.　　RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

　　　　This matter is, by the Court's count, Plaintiff's <u>fourth</u> federal lawsuit concerning the same underlying subject matter:  the foreclosure on and sale of Plaintiff's former residence.  In resolving the defendants' motions to dismiss in Civil Action Number 13-2256 (Plaintiff's third federal

lawsuit), the Hon. Freda Wolfson, U.S.D.J. provided the following concise summary of the general factual background for Plaintiff's claims, as well as the relevant procedural history to that point:

> As the parties well know, in 2008, Gage defaulted on his mortgage for property located at 51 Hillcrest Blvd in Warren, New Jersey (the "Property"), and Defendant Wells Fargo, the assignee of the mortgage, filed a foreclosure complaint in the Superior Court of New Jersey.  In that state court action, Gage failed to file a responsive pleading or contest the matter in any way.  Thus, a final judgment of foreclosure was entered on April 13, 2010.  A Sheriff's Sale was then held on July 6, 2010, and the Property was sold to Wells Fargo.  Yet, despite these proceedings, Gage refused to leave the Property.  Accordingly, Gage and his family were evicted by Defendant Sheriff Frank J. Provenzano in August, 2011, and the Property was later sold to another party, Luke and Helena Andersen, in October, 2011.  Since the foreclosure action, Gage has filed numerous complaints in state and federal court challenging the foreclosure, the sheriff's sale, and his eviction, including complaints in this Court against, inter alia, Wells Fargo and Provenzano.  In resolving the most recently filed Complaint—against Wells Fargo and the Andersens, see Gage v. Wells Fargo Bank, Civ. No. 12-777, 2013 U.S. Dist. LEXIS 95347, 2013 WL 3443295 (D.N.J. July 9, 2013)—the Court found it necessary and appropriate to issue an All Writs Act, 28 U.S.C. § 1651, injunction against Gage, enjoining Gage, as a pro se litigant, from filing any claims involving the foreclosure action of the Property, without prior leave of the Court.

In re Provenzano, 2013 U.S. Dist. LEXIS 177882 at *2-3.  Judge Wolfson significantly expanded the scope of Her Honor's injunction when resolving Civil Action Number 13-2256.  Id. at *15 (adding additional parties and subject matter).

Here, Plaintiff alleges that "[t]his lawsuit . . . arises from a Fraudulent Sheriff's Sale and fraudulent Property DEED . . . two bogus Sheriff's DEEDs; and unlawfully armed Forced eviction of the Plaintiff and his tenants from his home . . . and [various statutory violations]." (Compl., ECF No. 1, at 1).  More specifically, Plaintiff contends that "on August 11, 2011, both Defendants not only executed an unlawful eviction, but also they allowed vandalism of the Plaintiff's furniture and belongings, as the movers damaged, mistreated and misplaced them, along with the tenant's

business tools and materials, of which some have been stolen." (Id. at 3). Plaintiff further alleges that, while Defendant Provenzano executed the eviction in question, Defendant Leffert was "complicit" in that act, and that Defendant Leffert has since "refuse[d] to assist Plaintiff who is a victim of an outraged crime!" (Id. at 4).

The Court reviewed Plaintiff's pleading and, mindful of Plaintiff's extensive litigation history and Judge Wolfson's prior injunctions, and recognizing that Plaintiff's claims in this case appeared to arise from the same basic set of underlying facts as his claims in previous cases, this Court entered an Order requiring Plaintiff to "show cause . . .as to why the Court should not dismiss this action pursuant to United States District Court Judge Freda L. Wolfson's Opinion and Order dated July 9, 2013. . ., issue preclusion, and the entire controversy doctrine." (Nov. 24, 2014 Order, ECF No. 9 at 1). The Court also established a briefing schedule obligating Plaintiff to file papers in response to the Order to Show Cause on or before December 19, 2014, and requiring Defendants to file responses to Plaintiff's submission on or before January 9, 2015. (Id. at 1-2). The Order also afforded Plaintiff an opportunity to file a reply brief and set a date for oral argument. (Id. at 2).

Plaintiff did not timely file a response to this Court's Order to Show Cause. While Plaintiff filed a submission on January 20, 2015 (dated December 9, 2015), he did not address any of the three issues flagged in this Court's Order. (See generally Pl.'s Dec. 9, 2015 Letter, ECF 12). Rather, Plaintiff used that letter to discuss his family history, decry the state of the government and the courts, and attempt to "assign" this Court as "fiduciary trustee to settle and close this case." (Id.).[1] While Defendants filed letters on January 9, 2015, as required under the Court's Order to

---

[1] At oral argument, Plaintiff described his submission as an "affidavit of facts" asserting allegations of criminal conduct, and that he also sent copies to the Office of the United States Attorney and the United States Supreme Court. (Tr. of 2/26/15 Hr'g, ECF No. 18, at 17:1-13). Mr. Gage asked

Show Cause, (ECF Nos. 10-11), those submissions were likewise devoid of any helpful, substantive discussion of the legal points at issue.  (See ECF No. 10) (referring the Court to Judge Wolfson's prior opinions and requesting, without any analysis, that the Court "dismiss this lawsuit based upon application of the doctrine of res judicata, the doctrines of claim and issue preclusion, and the entire controversy doctrine); (see also ECF No. 11) (noting that Plaintiff's submission did not address the issues set forth in this Court's Order to Show Cause and requesting that the Court dismiss Plaintiff's claims with prejudice).[2]  By Order dated January 21, 2015, the Court required Defendants to provide substantive briefing on the legal issues set forth in the Court's Order to Show Cause.  (ECF No. 13).  Defendants filed such submissions, (ECF Nos. 14 and 15), and the Court conducted oral argument on February 26, 2015.

---

the Court to "convert" his civil claims in this case to criminal proceedings.  As the Court repeatedly advised Plaintiff during oral argument, this Court does not have the authority to require the government to institute criminal investigations or prosecutions.  (Tr. of 2/26/15 Hr'g, ECF No. 18, at 17:5-18:3; 20:20-24).  See, e.g., Soobzokov v. Attorney General of the United States, 515 F. App'x 98, 100-101 (3d Cir. 2013) (court without jurisdiction to grant plaintiff's request for mandamus relief to order the Department of Justice to investigate and prosecute the plaintiff's father's murder, as the executive branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); Piskanin v. Doe, 349 F. App'x 689, 691 (3d Cir. 2009 (affirming District Court's decision to deny the plaintiff's request to compel the FBI to investigate his claims, as the decision of whether to conduct such an investigation lay solely within the FBI's discretion); see also Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 183 (3d Cir. 2006) ("The Supreme Court has observed that the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" (quoting United States v. Nixon, 418 U.S. 683, 693 (1974)).

[2] In his response, Defendant Leffert also represented that Plaintiff had commenced "numerous prior actions . . . against [him] and others."  (ECF No. 11 at 1).  It appears, based on information that Defendant Leffert's counsel later provided at oral argument, that this statement was inaccurate.  (Tr. of 2/26/15 Hr'g, ECF No. 18, at 5:19-25) (in response to the Court's inquiry about whether Plaintiff had named Chief Leffert as a defendant in any previous actions, Defendant Leffert's counsel responded:  "Not that we are aware of, Your Honor.  I think this is the first one."). .

## II.  LEGAL DISCUSSION

### a.  Plaintiff's Suit is Not Barred Under Judge Wolfson's Previous Injunctions

The Court first examines whether, by filing this lawsuit, Plaintiff violated certain injunctions that Judge Wolfson entered against him in connection with previous litigation. Having carefully considered those injunctions, as well as the parties' arguments on the subject, the Court finds that he has not.

In Her Honor's July 9, 2013 Opinion resolving Civil Action No. 12-777, Judge Wolfson held, in pertinent part:

> In sum, as result of his multiple filings, Plaintiff has subjected many defendants to unnecessary court proceedings, and has in turn, wasted valuable judicial resources. It is time for finality in this long and tortured history of litigation involving the foreclosure action of the Property. Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, this Court enjoins Plaintiff Thomas Gage, when proceeding pro se, from filing a complaint against any of the defendants herein or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to the state court foreclosure action of the property located at 51 Hillcrest Boulevard, Warren, New Jersey, without prior leave of this Court.

Gage v. Wells Fargo Bank, N.A., No. 12-777 (FLW), 2013 U.S. Dist. LEXIS 95347, *22-23 (D.N.J. July 9, 2013). Judge Wolfson reiterated and expanded upon that injunction (i.e. to include additional parties and subject matter) in Her Honor's December 13, 2013 Opinion and Order dismissing Civil Action No. 13-2256. In re Provenzano, No. 13-2256, 2013 U.S. Dist. LEXIS 177882, *15 (D.N.J. Dec. 13, 2013).

Judge Wolfson's injunctions were clearly intended to bar Plaintiff from filing new lawsuits in the United States District Court and not the New Jersey Superior Court. Judge Wolfson said as much in Her Honor's July 9, 2013 Opinion. See 2013 U.S. Dist. LEXIS 177882, *15 ("[T]his Court enjoins Plaintiff Thomas Gage , when proceeding pro se, from filing a complaint against

any of the defendants herein or any employee, agent, or attorney thereof, <u>in the United States District Court, District of Jersey</u> . . ..") (emphasis added).  Moreover, as the United States Court of Appeals for the Third Circuit has recognized, by operation of the Anti-Injunction Act, 28 U.S.C. § 2283, District Courts may only enjoin state court proceedings under the All Writs Act in three limited circumstances (i.e., the exceptions to the Anti-Injunction Act).  <u>United States v. Dougherty</u>, No. 14-3498, 2015 U.S. App. LEXIS 2209, *6-7 (3d Cir. Feb. 12, 2015).  Specifically, "[t]he Anti-Injunction Act . . . bars a federal court from 'grant[ing] an injunction to stay proceedings in a State court' except (1) 'as expressly authorized by Act of Congress,' (2) 'where necessary in aid of its jurisdiction,' or (3) 'to protect or effectuate its judgments.'"  <u>Id.</u> at *6.  Nothing in the record suggests that any of these narrow exceptions are applicable here.  The fact that Judge Wolfson did not address the Anti-Injunction Act in either of the Opinions at issue provides further clarification that Her Honor never intended for the injunctions to apply to state court proceedings.

Here, Plaintiff commenced this matter by filing a Complaint in the New Jersey Superior Court, Essex Vicinage.  (<u>See generally</u> Compl, ECF No. 1).  Defendant Provenzano subsequently removed the matter to the District Court.  (<u>See</u> Not. of Removal, ECF No. 1).  As such, it was Defendant Provenzano, and not Plaintiff, who brought this matter before the United States District Court.

Defendants argue, without citation, that because Plaintiff's Complaint included claims arising under federal law, he should have known that his action would eventually end up in federal court, and that, in turn, his claims violate Judge Wolfson's prior injunctions.  (<u>See</u> Def. Br., ECF No. 14, at 13-14) ("although Plaintiff did not initially file in District Court, his filing improperly in state court is akin to filing in District Court").  Defendants' failure to address the limitations

imposed by the Anti-Injunction Act, or otherwise provide <u>any</u> legal support for their contentions, is fatal to their argument on this point.

For the reasons set forth in this section, the Court finds that Plaintiff did not violate Judge Wolfson's injunctions when filing his Complaint in the New Jersey Superior Court.

      **b.**     <u>**Plaintiff's Claims Against Defendant Provenzano Are Otherwise Barred**</u>

Plaintiff, once again, seeks to bring claims against Somerset County Sheriff Frank Provenzano, Sr. in connection with the Sheriff's role in selling Plaintiff's former residence and evicting Plaintiff from the premises. (<u>See generally</u> Compl., ECF No. 1, at 1-2). All of the factual allegations that Plaintiff makes with regard to Defendant Provenzano in this case concern that sale and eviction. (<u>Id.</u>). In Her Honor's December 13, 2013 Opinion in Civil Action No. 13-2256, Plaintiff's second federal lawsuit asserting claims against Defendant Provenzano (among others) regarding the same foreclosure and sale (and third federal lawsuit regarding the foreclosure/sale issue, in general), Judge Wolfson conducted the following analysis:

> I can also readily dispose of Gage's claims against Defendants Wells Fargo and Sheriff Frank J. Provenzano. Gage has previously filed actions in this court that included several claims against Wells Fargo. <u>See</u> <u>Gage v. Wells Fargo Bank</u>, Civ. No. 12-777, 2013 U.S. Dist. LEXIS 95347, 2013 WL 3443295; <u>Gage v. Provenzano</u>, Civ. No. 11-862, 2012 U.S. Dist. LEXIS 28682, 2012 WL 715895 (D.N.J. March 5, 2012). Significantly, Gage and Wells Fargo, and Gage and Provenzano, were parties in the respective previous and instant actions; the claims asserted in this action are identical to those asserted in the previous actions and/or arise out of the same nucleus of operative facts, to wit, the foreclosure and sale of Gage's property; Gage had an opportunity to, and did, litigate his claims in the previous actions; and it is undisputed that this Court was competent to hear Gage's claims in the previous litigation. For these reasons, Gage's attempt to assert the same and other additional claims against Wells Fargo [and Provenzao] are barred by the doctrines of claim preclusion and issue preclusion. <u>See</u> <u>United States v. Athlone Indus. Inc.</u>, 746 F.2d 977, 983 (3d Cir. 1984) (claim preclusion); <u>Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd.</u>, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (issue

> preclusion). Accordingly, Gage's claims—whether previously asserted or new—against Defendants Wells Fargo and Provenzano are dismissed.

In re Provenzano, No. 13-2256 (FLW), 2013 U.S. Dist. LEXIS 177882, *5-6 (D.N.J. Dec. 13, 2013). The United States Court of Appeals for the Third Circuit affirmed Judge Wolfson's decision, holding, in pertinent part: "[t]he District Court properly dismissed Gage's complaint primarily for the reasons it adequately explained. Among other things, we agree that Gage's claims against Wells Fargo and Provenzano are barred by both res judicata and collateral estoppel because he either raised or could have raised all of his claims in his first federal complaint." Gage v. Provenzano, 571 F. App'x 111, 113 (3d Cir. 2014) (citing In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). This Court finds that Judge Wolfson's analysis, as affirmed by the Third Circuit, applies with equal force (if not more, given that this is Plaintiff's third attempt to bring claims against Defendant Provenzano based on the same set of operative facts) to Plaintiff's claims against Defendant Provenzano in this action   The Court therefore respectfully recommends that the District Court dismiss Plaintiff's claims against Defendant Provenzano, with prejudice, for the same reasons set forth by both Judge Wolfson and the Court of Appeals in connection with Civil Action No. 13-2256.

### c. Plaintiff's Claims Against Defendant Leffert

Plaintiff also names Russell Leffert, the Chief of Police for the Township of Warren, as a Defendant, asserting claims in connection with the sale of Plaintiff's former residence and Plaintiff's eviction therefrom. (See generally Compl., ECF No. 1, at 1-2). Though Plaintiff's claims against Defendant Leffert are identical to those alleged against Defendant Provenzano, (id.), Defendant Leffert is in a significantly different procedural posture than Sheriff Provenzano. Specifically, whereas Plaintiff has sued Defendant Provenzano in a series of cases, Plaintiff has

never before asserted claims against Defendant Leffert. (Tr. of 2/26/15 Hr'g, ECF No. 18, at 5:19-25). Judge Wolfson's and, in turn, this Court's, rationale for dismissing Plaintiff's claims against Defendant Provenzano are therefore inapplicable with regard to Defendant Leffert. See In re Provenzano, 2013 U.S. Dist. LEXIS 177882 at *5-6 (finding that Plaintiff's claims were "barred by the doctrines of claim preclusion and issue preclusion."). The Court has already determined that Defendant Leffert's arguments regarding the impact of Judge Wolfson's injunctions are invalid. The Court, therefore, turns to whether the third and final ground set forth in its Order to Show Cause, the entire controversy doctrine, (see Nov. 24, 2014 Order to Show Cause, ECF No. 9, at 1), operates to bar Plaintiff's claims against Defendant Leffert. The Court cannot make such a finding based on the meager record before it.

As an initial matter, Defendant Leffert's submission does not contain any analysis of the entire controversy doctrine. (See generally Def. Br., ECF No. 14). Instead, Defendant Leffert goes well beyond the scope of this Court's Order to Show Cause and argues for dismissal on other grounds, none of which are properly before the Court. For instance, Defendant Leffert likens his situation in this case to that of Fein, Such, Kahn & Shepard, P.C. and two attorneys at that firm (collectively the "Fein Such Defendants") in Civil Action No. 13-2256. (Id. at 6-7). In that case, Plaintiff Gage asserted multiple claims against the Fein Such Defendants in connection with their role in representing Wells Fargo in the foreclosure and sale of Plaintiff's Property. In re Provenzano, 2013 U.S. Dist. LEXIS 177882 at *4. Granting the Fein Such Defendants' motion to dismiss, Judge Wolfson found that, although Plaintiff had not sued the those defendants in previous litigation, Plaintiff Gage's claims against them were still barred pursuant to the Rooker-Feldman doctrine, as his claims against the Fein Such Defendants amounted to a "collateral attack" on an existing state court judgment. In re Provenzano, 2013 U.S. Dist. LEXIS 177882 at *4.

Defendant Leffert argues that the same principles apply here, as Plaintiff's claims against him in this matter are "'inextricably intertwined' with the prior adjudication of the state court", (Def. Br., ECF No. 14, at 7, 12), and that to provide Plaintiff with relief on those claims would require the District Court to negate the state court's judgment.  (Id.).  Even assuming that Defendant Leffert's argument regarding the application of the Rooker-Feldman doctrine were properly before the Court (and it is not, as the Court's Order to Show Cause was expressly limited in scope and Defendant Leffert elected to answer Plaintiff's Complaint rather than seeking its dismissal), Defendant Leffert has offered only conclusory arguments on this point, failing to connect them to a basis in the record.  (Id. at 7-8).  For instance, Defendant Leffert has not identified which state court judgment(s) might be implicated by Plaintiff's claims against him, let alone how.  Without that basic, critical information, the Court cannot properly determine whether the Rooker-Feldman doctrine applies.

Defendant Leffert also challenges Plaintiff's Complaint on other grounds, arguing that Judge Wolfson did away with similar claims in the context of motions for dismissal/summary judgment filed in Plaintiff's earlier actions.  (Id. at 9-12).  As with Defendant's arguments concerning application of the Rooker-Feldman doctrine, these alternative arguments are not properly before the Court.  Unlike the defendants in Plaintiff's earlier litigations, Defendant Leffert has not filed a motion seeking dismissal of or judgment on Plaintiff's claims against him.  Quite the opposite, Defendant filed an Answer to Plaintiff's Complaint, (ECF No. 3), ostensibly content to proceed with this litigation in the ordinary course.  Moreover, while this Court sua sponte entered an Order to Show Cause to determine whether Plaintiff's claims were barred under Judge Wolfson's prior injunctions, the doctrine of issue preclusion and/or the entire controversy doctrine, (ECF No. 9 at 1), and subsequently Ordered Defendant Leffert to provide briefing on those discrete

issues, (see Jan. 21, 2015 Order, ECF No. 13), the Court was not inviting Defendant to launch a general attack on the legal sufficiency of Plaintiff's pleading.  If Defendant wishes to make such an application, he must do so in compliance with the Federal Rules of Civil Procedure.

The Court therefore respectfully recommends that, as Defendant Leffert has not established that Plaintiff's claims against him are barred under the injunctions/doctrines enumerated in this Court's November 24, 2014 Order to Show Cause, and the balance of Defendant Leffert's arguments are not properly before the Court, the District Court should, at least at this juncture of the case, allow Plaintiff to proceed with his claims against Defendant Leffert.[3]

### III.  CONCLUSION

Based on the foregoing, this Court respectfully recommends that the District Court dismiss Plaintiff's claims against Defendant Provenzano with prejudice.  The Court further respectfully recommends that the District Court permit Plaintiff to proceed with his claims against Defendant Leffert at this point.

s/ Joseph A. Dickson<br>
JOSEPH A. DICKSON<br>
UNITED STATES MAGISTRATE JUDGE

Cc:    Hon. Jose L. Linares, U.S.D.J.

---

[3] The Court is not taking a position regarding the merits of Plaintiff's claims against Defendant Leffert, nor the applicability of any abstention or other appropriate legal doctrines which may be raised in a procedurally proper manner on notice to Plaintiff.