<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| THOMAS I. GAGE, Plaintiff, v. SHERIFF FRANK J. PROVENZANO, et al., Defendants. | Civil Action No. 14-5700 (JLL) (JAD) OPINION |
|---|---|

**LINARES,** District Judge.

This matter comes before the Court by way of Magistrate Judge Dickson's November 24, 2014 Order to Show Cause why this action should not be dismissed [ECF No. 9]. Magistrate Judge Dickson filed a Report and Recommendation in connection with the Order to Show Cause on April 24, 2015 [ECF No. 19]. In particular, Magistrate Judge Dickson recommended that Plaintiff's claims against Defendant Provenzano be dismissed with prejudice and that Plaintiff be permitted to proceed at this time with his claims against Defendant Leffert. On May 5, 2015, Plaintiff filed an Objection to Magistrate Judge Dickson's April 24, 2015 Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Judge Dickson's April 24, 2015 Report and Recommendation is hereby adopted as the findings of fact and conclusions of law of this Court.

I.  BACKGROUND

For the relevant background and procedural history of this case the Court quotes from Judge Dickson's opinion.

> This matter is, by the Court's count, Plaintiff's fourth federal lawsuit concerning the same underlying subject matter: the foreclosure on and sale of Plaintiff's former residence.  In resolving the defendants' motions to dismiss in Civil Action Number 13-2256 (Plaintiff's third federal lawsuit), the Hon. Freda Wolfson, U.S.D.J. provided the following concise summary of the general factual background for Plaintiff's claims, as well as the relevant procedural history to that point:
>> As the parties well know, in 2008, Gage defaulted on his mortgage for property located at 51 Hillcrest Blvd in Warren, New Jersey (the "Property"), and Defendant Wells Fargo, the assignee of the mortgage, filed a foreclosure complaint in the Superior Court of New Jersey.  In that state court action, Gage failed to file a responsive pleading or contest the matter in any way.  Thus, a final judgment of foreclosure was entered on April 13, 2010.  A Sheriff's Sale was then held on July 6, 2010, and the Property was sold to Wells Fargo.  Yet, despite these proceedings, Gage refused to leave the Property.  Accordingly, Gage and his family were evicted by Defendant Sheriff Frank J. Provenzano in August, 2011, and the Property was later sold to another party, Luke and Helena Andersen, in October, 2011.  Since the foreclosure action, Gage has filed numerous complaints in state and federal court challenging the foreclosure, the sheriff's sale, and his eviction, including complaints in this Court against, inter alia, Wells Fargo and Provenzano.  In resolving the most recently filed Complaint—against Wells Fargo and the Andersens, see *Gage v. Wells Fargo Bank*, Civ. No. 12-777, 2013 U.S. Dist. LEXIS 95347, 2013 WL 3443295 (D.N.J. July 9, 2013)—the Court found it necessary and appropriate to issue an All Writs Act, 28 U.S.C. § 1651, injunction against Gage, enjoining Gage, as a pro se litigant, from filing any claims involving the foreclosure action of the Property, without prior leave of the Court.
> 
> *In re Provenzano*, 2013 U.S. Dist. LEXIS 177882 at *2-3.  Judge Wolfson significantly expanded the scope of Her Honor's injunction when resolving Civil Action Number 13-2256.  *Id.* at *15 (adding additional parties and subject matter).
> 
> Here, Plaintiff alleges that "[t]his lawsuit . . . arises from a Fraudulent Sheriff's Sale and fraudulent Property DEED . . . two bogus Sheriff's DEEDs; and unlawfully armed Forced eviction of the Plaintiff and his tenants from his home . . . and [various statutory violations]." (Compl., ECF No. 1, at 1).  More specifically, Plaintiff contends that "on

2

August 11, 2011, both Defendants not only executed an unlawful eviction, but also they allowed vandalism of the Plaintiff's furniture and belongings, as the movers damaged, mistreated and misplaced them, along with the tenant's business tools and materials, of which some have been stolen." (*Id.* at 3). Plaintiff further alleges that, while Defendant Provenzano executed the eviction in question, Defendant Leffert was "complicit" in that act, and that Defendant Leffert has since "refuse[d] to assist Plaintiff who is a victim of an outraged crime!" (*Id.* at 4).

    The Court reviewed Plaintiff's pleading and, mindful of Plaintiff's extensive litigation history and Judge Wolfson's prior injunctions, and recognizing that Plaintiff's claims in this case appeared to arise from the same basic set of underlying facts as his claims in previous cases, this Court entered an Order requiring Plaintiff to "show cause . . .as to why the Court should not dismiss this action pursuant to United States District Court Judge Freda L. Wolfson's Opinion and Order dated July 9, 2013. . ., issue preclusion, and the entire controversy doctrine." (Nov. 24, 2014 Order, ECF No. 9 at 1). The Court also established a briefing schedule obligating Plaintiff to file papers in response to the Order to Show Cause on or before December 19, 2014, and requiring Defendants to file responses to Plaintiff's submission on or before January 9, 2015. (*Id.* at 1-2). The Order also afforded Plaintiff an opportunity to file a reply brief and set a date for oral argument. (*Id.* at 2).

    Plaintiff did not timely file a response to this Court's Order to Show Cause. While Plaintiff filed a submission on January 20, 2015 (dated December 9, 2015), he did not address any of the three issues flagged in this Court's Order. (*See generally* Pl.'s Dec. 9, 2015 Letter, ECF 12). Rather, Plaintiff used that letter to discuss his family history, decry the state of the government and the courts, and attempt to "assign" this Court as "fiduciary trustee to settle and close this case." (*Id.*). While Defendants filed letters on January 9, 2015, as required under the Court's Order to Show Cause, (ECF Nos. 10-11), those submissions were likewise devoid of any helpful, substantive discussion of the legal points at issue. (*See* ECF No. 10) (referring the Court to Judge Wolfson's prior opinions and requesting, without any analysis, that the Court "dismiss this lawsuit based upon application of the doctrine of *res judicata*, the doctrines of claim and issue preclusion, and the entire controversy doctrine); (*see also* ECF No. 11) (noting that Plaintiff's submission did not address the issues set forth in this Court's Order to Show Cause and requesting that the Court dismiss Plaintiff's claims with prejudice). By Order dated January 21, 2015, the Court required Defendants to provide substantive briefing on the legal issues set forth in the Court's Order to Show Cause. (ECF No. 13). Defendants filed such submissions, (ECF Nos. 14 and 15), and the Court conducted oral argument on February 26, 2015.

On April 24, 2015, Judge Dickson filed a Report and Recommendation recommending that this Court dismiss Plaintiff's claims against Defendant Provenzano with prejudice but permit Plaintiff to proceed with his claims against Defendant Leffert at this time.  (ECF No. 19).  Specifically, Judge Dickson concluded that Plaintiff's claims against Defendant Provenzano are barred by res judicata and collateral estoppel.  (*Id.*).  Plaintiff filed an Objection to the Report and Recommendation on May 5, 2015.

## II.     LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72; L. Civ. R. 72.1c(2).  The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."  28 U.S.C. § 636(b)(1)(c); see also L. Civ. R. 72.1c(2).  A Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it.  *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir.1987).

When a litigant files an objection to a Report and Recommendation, the district court must make a de novo determination of those portions to which the litigant objects.  28 U.S.C. § 636(b)(1)(c); Fed.R.Civ.P. 72(b); L. Civ. R. 72.1c(2).

## III.    DISCUSSION

In recommending that Plaintiff's claims against Defendant Provenzano be dismissed with prejudice, Judge Dickson determined, in pertinent part, that Plaintiff's claims against Defendant Provenzano are identical to those claim asserted in previous actions and arise out of the same

nucleus of operative facts.  (Report and Recommendation at 8).  Therefore, Judge Dickson determined that Plaintiff's claims against Defendant Provenzano are barred by issue preclusion and claim preclusion.  (*Id.*).  Plaintiff objects to Judge Dickson's April 24, 2015 Report and Recommendation.  Specifically, Plaintiff contends that his claims against Defendant Provenzano should not be dismissed as there has been a fraud upon the court.  However, Plaintiff makes this allegation without supplying any facts in support of it.  The Court finds that Judge Dickson's Report and Recommendation properly concludes that Plaintiff has had the opportunity on numerous occasions, this being Plaintiff's third attempt to bring claims against Defendant Provenzano based on the same set of operative facts, to litigate such claims, and that any attempt to litigate those claims again are barred by issue and claim preclusion.

## IV.    CONCLUSION

Having thoroughly reviewed Magistrate Judge Dickson's April 24, 2015 Report and Recommendation, including Plaintiff's objection thereto, this Court hereby adopts said Report and Recommendation as the findings of fact and conclusions of law of this Court, as explained more fully above, and thus dismisses Plaintiff's claims against Defendant Provenzano with prejudice.

An appropriate Order accompanies this Opinion.

DATED:  May 18, 2015

                                                           s/ Jose L. Linares
                                                           JOSE L. LINARES
                                                           U.S. DISTRICT JUDGE