**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS I. GAGE, | : | CIVIL ACTION NO. 14-5700 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| SHERIFF FRANK J. PROVENZANO, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

THIS ACTION was originally brought in the Essex County Vicinage of New Jersey Superior Court by the pro se plaintiff, Thomas I. Gage, on August 15, 2014.  (See dkt. 1 at 5–28.)[1]  The defendants removed this action to this Court soon thereafter.  (See dkt. 1 at 1–3.)  This action is "one of many cases brought by [Gage] . . . related to a state court judgment of foreclosure on [Gage's] former home . . . [in] Warren, New Jersey." Gage v. Wells Fargo Bank, No. 12-777, 2013 WL 3443295, at *1 (D.N.J. July 9, 2013), aff'd, 555 Fed.Appx. 148 (3d Cir. 2014); see Gage v. Provenzano, No. 14-5700, 2015 WL 2403071 (D.N.J. May 20, 2015) (concerning this Court's previous disposition of other claims in this action), appeal dismissed, No. 15-2391, slip. op. (3d Cir. Sept. 30, 2015).

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

**THIS COURT** has ascertained the following additional opinions that are related to this action:

Gage v. Provenzano, 571 Fed.Appx. 111 (3d Cir. 2014), aff'g No. 13-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013);

Gage v. Wells Fargo Bank, 521 Fed.Appx. 49 (3d Cir. 2013), aff'g No. 11-862, 2012 WL 715895 (D.N.J. Mar. 5, 2012);

Gage v. Warren Twp. Comm. & Planning Bd. Members, 463 Fed.Appx. 68 (3d Cir. 2012), aff'g No. 11-1501, 2011 WL 6002510 (D.N.J. Nov. 29, 2011);

Gage v. Wells Fargo Bank, 450 Fed.Appx. 121 (3d Cir. 2011), aff'g No. 11-862, 2011 WL 4073877 (D.N.J. Sept. 9. 2011);

Gage v. New Jersey, 408 Fed.Appx. 622 (3d Cir. 2010), aff'g No. 10-2603, slip. op. (D.N.J. June 11, 2010);

Gage v. N.J. Governor Chris Christie's Admin., No. 15-6964, 2015 U.S. Dist. LEXIS 127999 (D.N.J. Sept. 24, 2015) (concerning action transferred to the District of New Jersey by No. 15-695, 2015 WL 5545773 (D. Del. Sept. 18, 2015)), aff'd, No. 15-3382, slip. op. (3d Cir. Jan. 8, 2016);

Gage v. Miller, No. 13-6985, 2014 WL 1789653 (D.N.J. May 6, 2014);

Gage v. Christie, No. 14-2587, slip. op. (D.N.J. May 6, 2014);

Gage v. Kumpf, No. 12-2620, 2012 WL 5630568 (D.N.J. Nov. 15, 2012);

Gage v. Jacobson, No. 11-6271, 2012 U.S. Dist. LEXIS 49 (D.N.J. Jan. 3, 2012);

Gage v. Twp. of Warren, No. 09-519, 2009 WL 1635602 (D.N.J. June 10, 2009);

Gage v. Wells Fargo Bank, No. A-5350-13T2, 2016 WL 783055 (N.J. App. Div., Mar. 1, 2016);

Gage v. Sleepy Hollow of Warren, LLC, No. A-5679-08T3, 2010 WL 4121555 (N.J. App. Div., Oct. 18, 2010); and

Gage v. Warren Twp. Planning Bd., No. 14-1447, 2015 N.J. Super. LEXIS 2512 (N.J. Superior Ct., Somerset County, Jan. 16, 2015).

**THE REMAINING DEFENDANT** in this action — Russell W. Leffert, who
was the chief of police of Warren Township in Somerset County, New Jersey — now
moves for summary judgment in his favor.  (See dkt. 50 through dkt. 50-6; dkt. 52.)
Gage has filed papers in opposition that are nonresponsive at best to Leffert's arguments.
(See dkt. 51 at 1–18.)  This Court will resolve the motion upon a review of the papers and
without oral argument.  See L.Civ.R. 78.1(b).  For the following reasons, the Court will
(1) grant the motion, and (2) enter judgment in Leffert's favor and against Gage.

**THE WELL-SETTLED STANDARD** for resolving a motion for summary
judgment will not be restated here.  See Fed.R.Civ.P. 56(a) (providing for an award of
summary judgment if there is no genuine dispute of material fact and the movant is
entitled to judgment as matter of law); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
247–48 (1986) (setting forth standard); United States ex rel. Kosenke v. Carlisle HMA,
Inc., 554 F.3d 88, 94 (3d Cir. 2009) (setting forth standard).  In addition, because "Gage
has been a frequent, vexatious litigant before this Court and other courts" concerning the
events surrounding the foreclosure, this Court will follow the lead of those other courts
"[t]o conserve judicial resources . . . [and] will only briefly recite the facts necessary to
deciding the instant [m]otion."  Gage, 2013 WL 3443295, at *1.

**GAGE ALLEGES** that Leffert violated his constitutional rights when he failed to
stop the county sheriff from evicting him pursuant to the state court foreclosure order on
August 8, 2011.  See 42 U.S.C. § 1983.  But Gage did not bring this particular action
until August 15, 2014.  (See dkt. 1 at 5 & 7 (showing complaint stamped as being
received and filed in state court on that date); see also id. at 14 (showing Gage himself

used that date on the complaint).)  As a result, any claims asserted under Section 1983

that concern the events of August 8, 2011, or any events that arguably occurred up to

August 15, 2012, are barred by New Jersey's two-year statute of limitations for tort

claims.  See Wallace v. Kato, 549 U.S. 384, 387–88 (2007) (stating that federal courts

look to a state's personal injury law to determine the limitation period for a Section 1983

claim); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (stating that "[a

Section] 1983 claim is characterized as a personal-injury claim and thus is governed by

the applicable state's statute of limitations for personal-injury claims"); see also N.J.S.A.

2A:14-2.  Therefore, Leffert is entitled to summary judgment on these claims.

GAGE alleges that Leffert (1) failed to institute a criminal investigation

concerning the foreclosure and the subsequent eviction, (2) failed to evict those who now

lawfully possess the property, and "still refuses to assist [him as] . . a victim of an

outraged crime", and (3) should now be criminally prosecuted himself for his role in that

eviction.  (Dkt. 1 at 11.)  However, Gage is a private citizen with no federal right to

compel a criminal investigation or a criminal prosecution, because initiating an

investigation or a prosecution is a function of governmental discretion.  See Linda R.S. v.

Richard D., 410 U.S. 614, 619 (1973); see also Fuchs v. Mercer County, 260 Fed.Appx.

472, 475 (3d Cir. 2008) (affirming a district court judgment that dismissed a claim

seeking a criminal investigation and prosecution of a police officer); Nicholas v. Heffner,

228 Fed.Appx. 139, 141 (3d Cir. 2007) (dismissing an appeal from a district court order

that dismissed a claim seeking an investigation of police officers).  Furthermore, Gage

has not demonstrated that any of the claims concerning criminal statutes that were

allegedly violated by Leffert "provide for a private right of enforcement."  Walsh v. Krantz, 386 Fed.Appx. 334, 336 (3d Cir. 2010).  Therefore, Leffert is entitled to summary judgment on all of these claims.

**GAGE** alleges that Leffert should have stopped the foreclosure and the eviction because the foreclosure judgment was "unlawful," but these allegations are barred by the Rooker-Feldman doctrine.  (Dkt. 1 at 9.)  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).  Gage must seek review of that judgment through the state appellate process and then seek certiorari directly to the United States Supreme Court, because a federal court is prohibited from voiding a state court's decision and preventing a state court from enforcing its orders.  See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (affirming a district court judgment that dismissed claims attacking the merits of a separate state court foreclosure action, inter alia, as being barred by the Rooker-Feldman doctrine); El Ali v. Litton Loan Serv'g, LP, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing an appeal from a district court order that dismissed claims concerning a separate state court foreclosure action, inter alia, as barred by the Rooker-Feldman doctrine).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate the state court foreclosure judgment.  Therefore, this Court will award Leffert summary judgment on these claims.

**TO THE EXTENT** that Gage was dissatisfied with the decisions issued in any of the previous federal actions listed above, he should seek relief (1) under the docket numbers coinciding with those actions, or (2) in the Third Circuit Court of Appeals.  See

Fed.R.Civ.P. 60(b)–(c); Fed.R.App.P. 3–5; Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that a plaintiff must either move for reconsideration or seek appellate review to challenge a district court decision, and may not seek relief in a separate action).

**TO THE EXTENT** that Gage raises claims concerning the events occurring on and after August 11, 2011, that have been raised or should have been raised in other actions, those claims are barred by the doctrines of res judicata and collateral estoppel. Res judicata applies, because (1) the state court foreclosure judgment, the previous federal court orders, and the previous state court orders are valid, final, and on the merits, (2) the parties in the actions are either the same or in privity with each other, and (3) the claims in this action arise from the same transactions and occurrences as the claims in Gage's many other actions. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). Collateral estoppel also applies where (1) the identical issues were decided among the many prior adjudications, (2) there were final judgments on the merits issued therein, (3) Leffert was either a party or in privity with parties to the prior adjudications, and (4) Gage had a full and fair opportunity to litigate the issues in question. See Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992). Therefore, this Court will award Leffert summary judgment on these claims.

**THIS COURT** notes that this action was initially brought in the Essex County Vicinage of New Jersey Superior Court before it was removed to federal court. It is

unclear why Gage brought this action in Essex County, because all of the underlying events occurred in Somerset County.

**LEFFERT'S MOTION** will be granted for the aforementioned reasons.  This Court will enter an appropriate order and judgment.


 

 

 
_____
**JOSE L. LINARES**
United States District Judge

**Dated:**  September 21, 2016