**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE, | CIVIL ACTION NO. 14-5700 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| SHERIFF FRANK J. PROVENZANO, et al., | |
| Defendants. | |

**LINARES, District Judge**

**THE COURT**, in an order and judgment dated September 21, 2016 (hereinafter, "September 2016 Order"): (1) granted the motion by the defendant Russell W. Leffert for summary judgment in his favor and against the plaintiff; (2) entered judgment in favor of Leffert; and (3) closed the action because no claims remained viable. (See dkt. 55; see also dkt. 54 (opinion underlying the September 2016 Order).) The pro se plaintiff has now filed a letter request for reconsideration of the September 2016 Order. (See dkt. 56 (plaintiff's "objection on the rulings"); see also dkt. 57 (Leffert's letter acknowledging receipt of the plaintiff's letter request).) See L.Civ. R. 7.1(i).

**A MOTION FOR RECONSIDERATION** is an extremely limited procedural vehicle. See Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000).

District courts, which enjoy the discretion to consider motions for reconsideration, grant such motions sparingly. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005); Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004). A movant seeking reconsideration must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

**A MOVANT** seeking reconsideration may not relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of judgment. See Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011); Dunkley v. Mellon Investor Servs. LLC, 378 Fed.Appx. 169, 172 (3d Cir. 2010); Summerfield v. Equifax Info. Servs. LLC, 264 F.R.D. 133, 145 (D.N.J. 2009).

**THE PLAINTIFF'S REQUEST** for reconsideration, even when liberally construed in view of the plaintiff's pro se status, does not raise an intervening change in the controlling law, any previously unavailable evidence, a clear error of law or fact, or an instance of manifest injustice. The plaintiff simply repeats, almost word for word, the same arguments that he raised in opposition to Leffert's original motion for summary judgment. (Compare dkt. 51 (plaintiff's opposition to Leffert's original motion) with dkt. 56.) The Court thus intends to deny the plaintiff's request for reconsideration. See Jackson v. City of Phila., 535 Fed.Appx. 64, 69 (3d Cir. 2013) (noting the propriety of

the district court's denial of a reconsideration motion because the movant "did not argue any of the limited grounds for reconsideration").

**THE COURT** will enter an appropriate order.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

**Dated:** October 4, 2016